UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
AUTOMATED TRANSACTION LLC,

               Plaintiff,

                                    MEMORANDUM & ORDER
        -against-                   12-CV-3070(JS)(ARL)

NEW YORK COMMUNITY BANK and NEW YORK
COMMUNITY BANCORP, INC.,

               Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:       Albert Lionel Jacobs, Jr., Esq.
                   Gerard F. Diebner, Esq.
                   Tannenbaum Helpern Syracuse & Hirschtritt LLP
                   900 Third Avenue
                   New York, NY 10022

For Defendants:      Gail L. Gottehrer, Esq.
                   Thomas G. Rohback, Esq.
                   Axinn, Veltrop & Harkrider LLP
                   90 State House Square
                   Hartford, CT 06103

SEYBERT, District Judge:

        Plaintiff Automated Transaction LLC ("Plaintiff") commenced this action on June 20, 2012 against Defendants New York Community Bank (the "Subsidiary") and New York Community Bancorp, Inc. (the "Parent," and together with the Subsidiary, "Defendants"), seeking declaratory, injunctive, and monetary relief arising out of Defendants' alleged infringement of twelve separate patents.  Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.   For the following reasons,

Defendants' motion is GRANTED.

BACKGROUND[1]

The Complaint asserts that Plaintiff is the exclusive

licensee of the following twelve patents:

- U.S. Patent No. 7,575,158, issued to David M. Barcelou
  on August 18, 2009 (Compl. ¶¶ 7-8 & Ex. A);

- U.S. Patent No. 7,597,248, issued to David M. Barcelou
  on October 6, 2009 (Compl. ¶¶ 15-16 & Ex. B);

- U.S. Patent No. 7,600,677, issued to David M. Barcelou
  on October 13, 2009 (Compl. ¶¶ 23-24 & Ex. C);

- U.S. Patent No. 7,699,220, issued to David M. Barcelou
  on April 20, 2010 (Compl. ¶¶ 31-32 & Ex. D);

- U.S. Patent No. 7,571,850, issued to David M. Barcelou
  on August 11, 2009 (Compl. ¶¶ 39-40 & Ex. E);

- U.S. Patent No. 7,591,420, issued to David M. Barcelou
  on September 22, 2009 (Compl. ¶¶ 47-48 & Ex. F);

- U.S. Patent No. 7,597,251, issued to David M. Barcelou
  on October 6, 2009 (Compl. ¶¶ 55-56; Ex. G);

- U.S. Patent No. 7,617,973, issued to David M. Barcelou
  on November 17, 2009 (Compl. ¶¶ 63-64; Ex. H);

- U.S. Patent No. 7,621,444, issued to David M. Barcelou
  on November 24, 2009 (Compl. ¶¶ 71-72 & Ex. I);

- U.S. Patent No. 7,793,830, issued to David M. Barcelou
  on September 14, 2010 (Compl. ¶¶ 79-80 & Ex. J);

- U.S. Patent No. 7,802,718, issued to David M. Barcelou
  on September 28, 2010 (Compl. ¶¶ 87-88 & Ex. K);

---

[1] The following facts are drawn from Plaintiff's Complaint and
the documents attached thereto and referenced therein.

- U.S. Patent No. 7,837,101, issued to David M. Barcelou on November 23, 2010 (Comp. ¶¶ 95-96 & Ex. L) (collectively, the "Patents").

Each of the Patents involves an "integrated banking and transaction machine for use by a consumer to purchase access to retail [automated teller machine] services."  (Compl. ¶¶ 9, 17, 25, 41, 49, 57, 65, 73, 81, 89, 97.)[2]

The Complaint asserts that the Subsidiary purchased and is using automated teller machines ("ATMs") that directly infringe each of the above-listed Patents.  (Compl. ¶¶ 3, 10, 18, 26, 34, 42, 50, 58, 66, 74, 82, 90, 98.)  "Community"[3] was made aware of the alleged infringement via letter(s) sent to the Subsidiary on or around February 24, 2012.  (Compl. ¶¶ 11, 19, 27, 35, 43, 51, 59, 67, 75, 83, 91, 99.)  Nonetheless, "Community" continues to use the allegedly infringing ATMs "willful[ly], deliberate[ly] and/or in conscious disregard to the rights of Automated Transactions."  (Compl. ¶¶ 13, 21, 29, 37, 45, 53, 61, 69, 77, 85, 93, 101.)

The Complaint further asserts that "Community" makes the allegedly infringing ATMs available to their customers and

---

[2] The Court notes that patent number 7,699,220 described the "integrated banking and transaction machine" slightly differently:  "An automated retail terminal for use by a consumer to purchase from a banking or commercial ATM provider, cash access services."  (Compl. ¶ 33.)

[3] The Complaint refers to the Parent and the Subsidiary collectively as "Community."  (Compl. ¶ 3.)

"provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner." (Comp. ¶¶ 12, 20, 28, 36, 44, 52, 60, 68, 76, 84, 92, 100.) Thus, Plaintiff asserts that Defendants are inducing infringement of the Patents. (Comp. ¶¶ 12, 20, 28, 36, 44, 52, 60, 68, 76, 84, 92, 100.)

The Complaint asserts twelve causes of action against both Defendants for patent infringement--one for each of the Patents--and seeks, for each claim: (1) a declaratory judgment that Defendants have infringed the Patents; (2) a permanent injunction barring Defendants from further infringing (or inducing infringement) of the Patents; and (3) an award of lost profits and other damages arising from the alleged infringements, including treble damages and reasonable attorney's fees.

DISCUSSION

Defendants move to dismiss the Complaint on the grounds that it fails to: (1) distinguish between the separate defendants; and (2) plead sufficient facts to state a plausible claim for relief. Plaintiff argues that Defendants are applying the wrong pleading standard. Thus, the Court will first determine the applicable standard before turning to the merits of Defendants' arguments.

4

I.    Applicable Pleading Standard

        Defendants argue that the Complaint is governed by the pleading standards articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).   Plaintiff, on the other hand, argues that Form 18, a form complaint for direct patent infringement claims included in the Appendix of the Federal Rules of Civil Procedure, governs.   The two standards, however, cannot be reconciled.   The Court will briefly summarize both pleading standards before determining which one governs.

        Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under the now well-established <u>Twombly</u> standard, a complaint satisfies Rule 8 only if contains enough allegations of fact to state a claim for relief that is "plausible on its face." <u>Twombly</u>, 550 U.S. at 570.    This "plausibility standard," is governed by "[t]wo working principles." <u>Iqbal</u>, 556 U.S. at 670, 678; <u>accord</u> <u>Harris v. Mills</u>, 572 F.3d 66, 71-72 (2d Cir. 2009).[4]

---

[4] Although the substantive law of the Federal Circuit governs patent cases, courts apply the law of the regional circuit when evaluating procedural issues.  <u>See</u> <u>In re Bill of Lading Transmission & Processing Sys. Patent Litig.</u>, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (reviewing an appeal from an order

First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 (a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8). Second, as only complaints that state a "plausible claim for relief" can survive a motion to dismiss, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citation omitted); accord Harris, 572 F.3d at 72.

Form 18, on the other hand, "requires only: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has

granting a motion to dismiss under the applicable law of the regional circuit).

given the defendant notice of its infringement; and (5) a demand for an injunction and damages." Gradient Enters., Inc. v. Skype Techs. S.A., 848 F. Supp. 2d 404, 407 (W.D.N.Y. 2012); see also Bill of Lading, 681 F.3d at 1334. Thus, a complaint that conforms to Rule 18 simply states the bare elements of a claim and does not comport with the standard articulated by the Supreme Court in Twombly and Iqbal. However, Rule 84 of the Federal Rules of Civil Procedure states that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." FED. R. CIV. P. 84.

"Not surprisingly, then, the combination of Twombly, Iqbal, . . . Form 18, and Rule 84, has led to differing conclusions among the lower courts about whether a complaint that complies with the minimum requirements of Form 18 suffices to state a claim for direct patent infringement." Gradient, 848 F. Supp. 2d at 407; see also Pecorino v. Vutec Corp., --- F. Supp. 2d ----, 2012 WL 5989918, at *20 (E.D.N.Y. Nov. 30, 2012) ("Although the Twombly standard applies to all civil cases, its applicability to patent cases, particularly those involving claims of direct infringement, is an issue that has divided the courts." (internal quotation marks and citation omitted)). Nevertheless, the weight of authority suggests that "whether [a complaint] adequately plead[s] direct infringement is to be measured by the specificity required by Form 18." Bill of

Lading, 681 F.3d at 1334; see, e.g., Loftex USA L.L.C. v. Trident Ltd., No. 11-CV-9349, 2012 WL 5877427, at *3 (S.D.N.Y. Nov. 20, 2012) (stating that "Official Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure . . . governs the pleading standards for a claim of direct patent infringement"); Automated Transactions, L.L.C. v. First Niagara Fin. Grp., Inc., No. 10-CV-0407, 2010 WL 5819060, at *5 (W.D.N.Y. Aug. 31, 2010) ("[U]nless or until Rule 84 is amended, I conclude that the sufficiency of [the plaintiffs]'s direct infringement allegations is governed by Appendix Form 18, not by the requirements of Twombly and Iqbal."), adopted by 2011 WL 601559 (W.D.N.Y. Feb. 11, 2011); see also, e.g., CreAgri, Inc. v. Pinnaclife, Inc., No. 11-CV-6635, 2013 WL 11569, at *2 (N.D. Cal. Jan. 1, 2013); Execware, L.L.C. v. Staples, Inc., No. 11-CV-0836, 2012 WL 6138340, at *2 (D. Del. Dec. 10, 2012), adopted by 2013 WL 171906 (D. Del. Jan. 16, 2013); Select Retrieval, L.L.C. v. Bulbs.com Inc., No. 12-CV-10389, 2012 WL 6045942, at *3 (D. Mass. Dec. 4, 2012); Select Retrieval, L.L.C. v. L. L. Bean, Inc., No. 12-CV-0003, 2012 WL 5381503, at *2 (D. Me. Oct. 31, 2012); Driessen v. Sony Music Entm't, --- F. Supp. ----, 2012 WL 5293039, at *2-3 (D. Utah Oct. 23, 2012); PB & J Software, L.L.C. v. Backup Agent B.V., No. 12-CV-0691, 2012 WL 4893678, at *2 (E.D. Mo. Oct. 15, 2012). Further, the Federal Circuit looked to Form 18 in analyzing whether a complaint

adequately pled direct infringement, stating that to the extent

that "Twombly and its progeny conflict with the Form and create

differing pleading requirements, the Forms control."   Bill of

Lading, 681 F.3d at 1334.[5]

      However, the courts that have applied Form 18 over

Iqbal/Twombly have made it clear that "Form 18 should be

strictly construed as measuring only the sufficiency of

allegations of direct infringement, and not indirect

infringement."   Id. at 1336; see also Pecorino, 2012 WL 5989918,

at *21; Gradient, 848 F. Supp. 2d at 408.   Thus, to the extent

that the Complaint pleads claims of direct infringement the

Court will apply Form 18, and to the extent that it pleads

claims of indirect infringement the Court will apply the

Iqbal/Twombly plausibility standard.

## II.   Failure to State a Claim

      Plaintiff's Complaint attempts to plead claims for

both direct and indirect infringement as well as willful

infringement.   The Court will address them separately.

### A.   Direct Infringement

      As stated above, to state a claim for direct

infringement, a complaint must contain: "(1) an allegation of

---

[5] Defendants ask this Court to disregard the Bill of Lading
language as dicta; however, the Court was unable to find any
district court cases decided after Bill of Lading that rejected
Form 18 in favor of the heightened Iqbal/Twombly plausibility
pleading standard.

jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." Gradient Enters., 848 F. Supp. 2d at 407; see also Bill of Lading, 681 F.3d at 1334. The Court finds that Plaintiff has clearly satisfied the first, second, fourth, and fifth elements, as, for each of the Patents, the Complaint asserts that: (1) this Court has jurisdiction (Compl. ¶ 5); (2) Plaintiff is the exclusive licensee of the Patents with the right to sue in its own name (Compl. ¶¶ 8, 16, 24, 32, 40, 48, 56, 64, 72, 80, 88, 96); (3) Defendants "were made aware" of the Patents and their "infringement thereof by a letter sent to [the Subsidiary] on about [sic] February 24, 2012 and through subsequent discussions with [Defendants'] counsel" (Compl. ¶¶ 11, 19, 27, 35, 43, 51, 59, 67, 75, 83, 91, 99); and (4) Plaintiff is seeking injunctive and monetary relief (Compl., Prayer for Relief ¶¶ 2-3, 6-7, 10-11, 14-15, 18-19, 22-23, 26-27, 30-31, 34-35, 38-39, 42-43, 46-47).

To satisfy the third element, the Complaint pleads that "Community is using ATMs . . . which incorporate" elements of the Patents at issue. (Compl. ¶¶ 10, 18, 26, 34, 42, 50, 58, 66, 74, 82, 90, 98). Defendants argue this "group pleading"--

10

i.e., referring to both Defendants collectively as "Community" rather than distinguishing between them--is impermissible and insufficient under both Form 18 and Rule 8.  The Court agrees.

"Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it."  Holmes v. Allstate Corp., No. 11-CV-1543, 2012 WL 627238, at *22 (S.D.N.Y. Jan. 27, 2012), adopted by 2012 WL 626262 (S.D.N.Y. Feb. 27, 2012); see also Zalewski v. T.P. Builders, Inc., No. 10-CV-0876, 2011 WL 3328549, at *5 (N.D.N.Y. Aug. 2, 2011) ("vague group pleading" cannot serve as the basis for liability).  The only time the Complaint here differentiates between Defendants is in paragraph 3, which states that the Parent, which "controls" the Subsidiary, "is liable for the purchase of the infringing [ATMs] by [the Subsidiary] and their infringing use." (Compl. ¶ 3.)  The Court finds that this is insufficient to put Defendants on notice of the particular claims and the grounds for the claims asserted against them.  First, it is unclear whether Plaintiff is seeking to hold the Parent liable under a piercing the corporate veil or alter-ego theory of liability[6] or if the Parent also used the

---

[6] To the extent that Plaintiff is seeking to hold the Parent liable under a piercing the corporate veil or alter-ego theory of liability, which would not be governed by Form 18, the Complaint is similarly deficient because "[o]wnership by a parent of all its subsidiary's stock has been held an insufficient reason in and of itself to disregard corporate

allegedly infringing ATMs.  Similarly, it is unclear whether
Plaintiff is asserting claims against the Subsidiary solely
because it purchased the allegedly infringing ATMs or if the
Subsidiary also used them in an allegedly infringing manner.
Second, the Complaint does not state whether each claim is
asserted against the Parent, the Subsidiary, or both.
Accordingly, the direct infringement claims must be DISMISSED.
See, e.g., Via Vadis, L.L.C. v. Skype, Inc., No. 11-CV-0507,
2012 WL 2789733, at *1 (D. Del. July 6, 2012) (dismissing a
claim of direct infringement against Microsoft for failing to
satisfy Form 18 because, due to the plaintiff's group pleading,
"[t]here [wa]s sufficient ambiguity in the complaint about
Microsoft's responsibility for the alleged Skype infringement");
PLS-Pac. Laser Sys. v. TLZ Inc., No. 06-CV-4585, 2007 WL
2022020, at *11 (N.D. Cal. July 9, 2007) (dismissing claims of
direct infringement in a complaint utilizing group pleading
notwithstanding the fact that "there may be some overlap in the
alleged conduct upon which claims against the different
corporate defendants and individual defendants rest" and
instructing the plaintiff, in amending its complaint, to

---

entities." De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 69 (2d
Cir. 1996) (alteration in original) (internal quotation marks
and citation omitted).  Instead, "[a]ctual domination, rather
than the opportunity to exercise control, must be shown," id.,
and conclusory allegations of domination or control will not
suffice, see In re Currency Conversion Fee Antitrust Litig., 265
F. Supp. 2d 385, 426 (S.D.N.Y. 2003).

12

"include allegations of the defendants' alleged roles in [the alleged patent infringement] and the grounds for asserting such claims against them").

B.   <u>Indirect Infringement</u>

The Complaint also asserts a claim for induced infringement, which "require[s] more than the bare minimum embodied by Form 18." <u>Gradient</u>, 848 F. Supp. 2d at 408.   To adequately plead a claim for induced infringement, "the patentee must plead facts showing, <u>first</u>, that 'there has been direct infringement, and <u>second</u> that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." <u>Pecorino</u>, 2012 WL 5989918, at *21; <u>see also</u> <u>DSU Med. Corp. v. JMS Co.</u>, 471 F.3d 1293, 1304 (Fed. Cir. 2006).   Here, the Complaint asserts that "Community" induced infringement by making the allegedly infringing ATMs available to their customers and providing them with detailed instructions on how to use them in an infringing manner.   (Comp. ¶¶ 12, 20, 28, 36, 44, 52, 60, 68, 76, 84, 92, 100.)   However, for the reasons articulated above, the group pleading is insufficient under Rule 8.   Accordingly, the induced infringement claims are also DISMISSED.

C.   <u>Willful Infringement</u>

"[T]here is a lack of complete uniformity in recent district court authority addressing willful infringement claims

13

in light of <u>Twombly</u> and <u>Iqbal</u>."   <u>Pecorino</u>, 2012 WL 5989918, at
*24 (alteration in original) (quoting <u>Sony Corp. v. LG Elecs.</u>
<u>U.S.A., Inc.</u>, 768 F. Supp. 2d 1058, 1064 (C.D. Cal. 2011));
<u>accord</u> <u>Gradient</u>, 848 F. Supp. 2d at 409.   However, "courts have
generally required a complaint to allege facts that, at a
minimum, show direct infringement, <u>i.e.</u>, that identify the
parent in suit, and show the defendant's actual knowledge of the
existence of the patent."   <u>Gradient</u>, 848 F. Supp. 2d at 409
(collecting cases).   However, as Plaintiff has failed to plead a
claim for direct infringement, as articulated above, the claims
for treble damages for willful infringement also fail and are
hereby DISMISSED.

III. <u>Leave to Replead</u>

        Although Plaintiff has not specifically requested
leave to replead, the Second Circuit has stated that "the court
should not dismiss without granting leave to amend at least once
when a liberal reading of the complaint gives any indication
that a valid claim might be stated."   <u>Cuoco v. Mortisugu</u>, 222
F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and
citation omitted); <u>see</u> <u>also</u> FED. R. CIV. P. 15(a)(2) ("The court
should freely give leave [to amend] when justice so requires.").
Accordingly, the Court grants Plaintiff leave to amend to
address the pleading defects articulated above.

CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED, the Complaint is DISMISSED WITHOUT PREJUDICE, and Plaintiff is GRANTED leave to file an amended complaint. If Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Memorandum and Order, the Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   March 13, 2013
         Central Islip, NY

15